Anderson Lancaster v. The State.

No. 7415.   Decided December 20, 1922.

**1.—Theft—Ownership—Indictment—Care, Control, etc.**

Where the ownership was properly alleged in D. N. Cox, who was public weigher, and had the cotton in his control, care, and management, there was no error.

**2.—Same—Charge of Court—Bills of Exception—Practice on Appeal.**

Where nothing appeared in the bills of exception, or elsewhere in the record, showing any objection or exception to the charge of the court at the time of trial, and besides, were filed too late, they cannot be considered on appeal, and the evidence being sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of Wichita.  Tried below before the Honorable P. A. Martin.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the theft of two bales of cotton, his punishment being assessed at two years confinement in the penitentiary.

D. N. Cox was public weigher and had the cotton in his control, care and management.  The indictment properly alleged ownership in him.

There appears in the record five bills of exception, all of which complain at some alleged omission from the court's charge, or at something embraced therein.  Court adjourned on April 1, 1922.  These bills were not filed until April 28.  Nothing appears in the bills themselves, or elsewhere in the record, showing any objection or exception to the charge at the time of trial.  If there was any merit in them they could not be considered.  (See Arts. 735-743, C. C. P., and authorities collated under Secs. 62, 63 and 64, Art. 743, Vernon's C. C. P.)

The evidence leaves no doubt as to appellant's guilt, and we fail to discover any error in the record.  The charge of the court correctly presents the law.  The judgment is affirmed.

*Affirmed.*